```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**ROBERT L. HILLMAN,**

      **Plaintiff,**

      vs.                            Civil Action 2:12-cv-850
                                                   Judge Frost
                                                   Magistrate Judge King

**WILLIAM JOSEPH EDWARDS,**
*et al.*,

      **Defendants.**

## REPORT AND RECOMMENDATION

    Plaintiff, a state inmate, seeks to initiate this action without prepayment of fees or costs.

    The Prison Litigation Reform Act ["PLRA"] prohibits the grant of leave to proceed *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)(also known as the "3-Strikes Provision"). Plaintiff has, on at least 3 occasions, brought an action in this Court that was dismissed for failure to state a claim upon which relief can be granted. *Hillman v. Simms*, 2:09-cv-810 (S.D. Ohio December 3, 2009); *Hillman v. Simms, et al.*, 2:08-cv-717 (S.D. Ohio March 11, 2009); *Muff, et al. v. Collins*, 2:08-cv-127 (S.D. Ohio January 29, 2009).[1] The 3-Strikes Provision of the PLRA therefore

---

[1] Plaintiff has also filed at least three other cases in this Court which were dismissed on different grounds. *Hillman v. Simms, et al.*, 2:08-cv-1089; *Hillman v. Edwards*, 2:11-cv-501; *Hillman v. O'Brien, et al.*, 2:11-cv-607.

prohibits plaintiff from proceeding without the prepayment of fees or costs unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The *Complaint* asserts claims arising out of the alleged failure of plaintiff's state court-appointed attorney to pursue an appeal on plaintiff's behalf to plaintiff's satisfaction, and subsequent litigation instituted by plaintiff.  None of the claims sought to be asserted in this action even suggest that plaintiff "is under imminent danger of serious physical injury" sufficient to overcome the bar established by § 1915(g).

It is therefore **RECOMMENDED** that plaintiff's application for leave to proceed *in forma pauperis* be **DENIED** and that, if he intends to pursue the action, plaintiff be directed to pay the full $350.00 filing fee within thirty (30) days.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.

*See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                        *s/Norah McCann King*
                                          Norah M<sup>c</sup>Cann King
                                  United States Magistrate Judge

September 21, 2012
Date

Case: 2:12-cv-00850-GLF-NMK Doc #: 2 Filed: 09/21/12 Page: 4 of 4  PAGEID #: 38